UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONNIE P. HARVEY,                )
                                 )
        Petitioner,              )
                                 )
    v.                           )   Case No. 06-1238
                                 )
RICK VEACH, Warden,              )
                                 )
        Respondent.              )

# O R D E R

This matter is now before the Court on Ronnie Harvey's ("Harvey") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and the Government's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss [#10] is GRANTED, and Harvey's Petition [#6] is DISMISSED.

### Background

On April 18, 2005, Harvey was sentenced in the United States District Court for the Southern District of Illinois to 120 months' imprisonment for conspiracy to distribute methamphetamine. On February 13, 2006, his term of imprisonment was reduced to 90 months following a Motion for Reduction of Sentence by the Government. Harvey is currently incarcerated at the Federal Correctional Institution in Pekin, Illinois.

Upon arrival at FCI Pekin, staff reviewed Harvey's Presentence Report to determine whether he had any pending charges or sentences and discovered that he had two warrants issued out of Colorado. A Detainer Action Letter was sent to the Jefferson County Sheriff's Department to determine if they wanted a detainer lodged against him. On September 26, 2005, the Jefferson County Sheriff's Office responded that although they

had a warrant for failure to appear reckless driving, leaving the scene of an accident, DUR, and DUI, they had no plans to extradite on the case. Accordingly, the Sheriff's Department asked that any detainer or notification lodged against Harvey be vacated.

On March 30, 2006, FCI Pekin received a letter from the Wheat Ridge Police Department in Wheat Ridge, Colorado. This correspondence also indicated that they did not want to lodge a hold/detainer against Harven and had no plans to seek extradition.

Harvey has now filed the present Petition pursuant to 28 U.S.C. § 2241, arguing that the BOP has improperly lodged a detainer/warrant against him that affects his ability to apply for release to a halfway house, drug programs, and custody level.[1] The Government has responded with a Motion to Dismiss, and this Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); Waletzki v. Keohane, 13 F.3d 1079, 1080 (7th Cir. 1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3). "Such relief is obtainable, however, only after a prisoner exhausts administrative remedies." Carnine v. United States, 974 F.2d 924, 927 (7th Cir. 1992).

The Bureau of Prisons ("BOP") has established a system of administrative remedies through which federal inmates are given the opportunity to resolve grievances. 28 C.F.R.

---

[1] Harvey also attempts to assert claims that Colorado is violating his rights under the Interstate Agreement on Detainers, Fifth Amendment, and Sixth Amendment by refusing to try him within 180 days. However, these claims are attacks on the warrants and procedures of the criminal justice system in the State of Colorado and are plainly not cognizable in a § 2241 Petition. Rather, they must be addressed in the Colorado courts pursuant to 28 U.S.C. §2254 or other state processes. Accordingly, they merit no further discussion.

§ 542.10 *et seq*. Such procedures include a request for informal resolution, formal request for remedy, appeal to the BOP Regional Director, and appeal to the BOP Central Office. 28 C.F.R. §§ 542.13, 542.14, and 542.15. It is through this process that Harvey's claim should have been pursued initially. In fact, after receiving Harvey's §2241 Petition and attachments, the BOP recognized that Harvey had been provided with a Male Custody Classification Form that incorrectly indicated that he continued to have detainers lodged against him. This situation has since been corrected, and any claim that was asserted based on that form is moot.

It is unclear from Harvey's pleadings whether he is claiming that any other BOP records incorrectly reflect that he has detainers lodged against him. To the extent that he is making such a claim, a review of Harvey's Petition and the BOP's administrative remedy records indicates that Harvey has not pursued any of the administrative remedies available to him, and he has given no justification for this failure. In fact, Harvey concedes in his Petition that he has not formally participated in the BOP's Administrative Remedy Procedure. Therefore, the Court finds that Harvey has failed to exhaust his administrative remedies as required under <u>Carnine</u>, and his Petition must be dismissed. Harvey's proper recourse is to exhaust the available administrative remedies before filing a petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, and the Court need not reach the merits of Harvey's claim.

## Conclusion

For the reasons set forth herein, the Government's Motion to Dismiss [#10] is GRANTED, and the Petition for Writ of Habeas Corpus [#6] is dismissed without prejudice for failure to exhaust administrative remedies.

ENTERED this 15th day of February, 2007.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
